**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ERIC IBRAHEEM<br>14673 Happy Hills Road<br>Huntingdon, PA 16652<br>Plaintiff, | CIVIL ACTION |
| v. | |
| SWATARA TOWNSHIP<br>599 Eisenhower Boulevard<br>Harrisburg, PA 17111<br>&<br>SWATARA TOWNSHIP POLICE OFFICER<br>PATRICK WALSH<br>599 Eisenhower Boulevard<br>Harrisburg, PA 17111<br>&<br>SWATARA TOWNSHIP POLICE OFFICER<br>MICHAEL F. BOWSER<br>599 Eisenhower Boulevard<br>Harrisburg, PA 17111<br>&<br>SWATARA TOWNSHIP POLICE OFFICER<br>TIMOTHY ROBIN BLOSS<br>599 Eisenhower Boulevard<br>Harrisburg, PA 17111 | NO.: |

## COMPLAINT

Plaintiff Eric Ibraheem alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 1367(a).

2. Venue is proper in this court, pursuant to 28 U.S.C.A. § 1391, since the underlying acts, omissions, injuries and related facts and circumstances giving rise to the present action occurred in Swatara Township, PA, and within this District.

3. The defendants acted under color of law, and their actions deprived plaintiff of rights secured by the Constitution or federal statutes. 42 U.S.C.A. § 1983.

4. Plaintiff was assaulted and arrested by defendant, Swatara Township Police Officer Patrick Walsh on June 6, 2024 at 3266 Derry Street, Harrisburg, PA 17111.

5. No criminal charges were filed against plaintiff, Eric Ibraheem as there was no probable cause to arrest because the defendant police officers did not have reasonable grounds to suspect a crime took place before proceeding with an arrest.

6. Defendant, Swatara Township's municipal practices were the proximate cause of the injuries suffered by the Plaintiff. 42 U.S.C.A. § 1983.

**PARTIES**

7. Plaintiff, Eric Ibraheem is an adult individual who was always relevant to this Complaint residing at 3266 Derry Street, Harrisburg, PA 17111.

8. Plaintiff, Eric Ibraheem, aged 35, is currently residing at 14673 Happy Hills Road, Huntingdon Valley, PA 16652.

9. Defendant, Swatara Township is a Township in Dauphin County, Pennsylvania and owns, operates, manages, directs and/or controls the Swatara Township Police Department, which, at all relevant times, employed the below individual defendants.

10. At all times mentioned, the individual Defendants, Police Officer Patrick Walsh, Police Officer Michael F. Bowser and Police Officer Michael F. Bowser and each of them, were and now are residents of Harrisburg, PA.

11. Defendant, Swatara Township Police Officer Patrick Walsh was, at all times relevant to this Complaint, a police officer in Swatara Township and is being sued in his official capacity and individual capacity.

12. Defendant, Swatara Township Police Officer Michael F. Bowser was, at all times relevant to this Complaint, a police officer in Swatara Township and is being sued in his official capacity and individual capacity.

13. Defendant, Swatara Township Police Officer Timothy Robin Bloss was, at all times relevant to this Complaint, a police officer in Swatara Township and is being sued in his official capacity and individual capacity.

14. All of the acts complained of in this Complaint by Plaintiff against Defendants were done and performed by Defendants by and through their authorized agents, servants, and/or employees, and each of them, all of whom at all relevant times were acting within the course, purpose and scope of that agency, service, and/or employment capacity.

15. Moreover, Defendants and their agents ratified all of the acts of which complaint is made.

16. Defendant police officers, were at all relevant times police officers of the Swatara Township Police Department, and they, along with other officials of Defendant Swatara Township, at all times possessed the power and the authority and were charged by law with the responsibility to enact policies and to prescribe rules and practices concerning the operation of the Swatara Township Police Department and defendant, Swatara Township.

17. At all relevant times, these Defendants, and each of them, were acting under color of law, that is, under the color of the statutes, ordinances, regulations, policies, customs and usages of Defendant, Swatara Township.

18. At all times mentioned, all defendants were and are duly appointed officers, agents, and/or employees of Defendant Swatara Township.

19. At all times mentioned, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant named and unnamed in this Complaint.

20. In doing the acts and failing and/or omitting to act as described below, defendants, and each of them, were acting on the implied and/or with the actual permission and consent of Defendant, Swatara Township.

## FACTUAL ALLEGATIONS

21. On June 6, 2024, at approximately 9:30 a.m., police officers from Defendant, Swatara Township Police Department responded to 3266 Derry Street, Harrisburg, PA 17111 in order to support United States Marshalls in the apprehension of a suspect who was believed to be in the area.

22. Upon arrival, defendants, Police Officer Patrick Walsh and Police Officer Michael F. Bowser came in contact with plaintiff in front of plaintiff's residence located at 3266 Derry Street, Harrisburg, PA 17111.

23. Plaintiff had been alerted by his wife that police were outside his residence where his son, Ronald Ibraheem was being detained by police.

24. Plaintiff spoke with defendant, Police Officer Michael F. Bowser who informed the plaintiff that they were searching for a suspect who was known to be in the neighborhood and questioned whether he had been seen by the plaintiff.

25. Plaintiff responded that he had not seen anyone and returned to his residence.

26. Once inside his residence, plaintiff became aware that someone, a stranger was in his

kitchen.

27. Plaintiff interacted with the person in his kitchen and told him that police had the house surrounded and that he needed to surrender, to which the male agreed.

28. Plaintiff went back outside of his residence and reported to defendant, Police Officer Patrick Walsh that the suspect was inside his residence and wanted to surrender and asked defendant, Police Officer Patrick Walsh to come into the house and take the suspect into custody.

29. Defendant, Police Officer Patrick Walsh told the plaintiff to go back inside and bring the suspect out of the house despite Police Officers having a basic legal duty not to needlessly expose civilians to foreseeable risks of harm like sending an untrained civilian into a high-risk situation with a suspect places that person in danger, violating standard tactical protocols

30. Plaintiff did what defendant, Police Officer Patrick Walsh's action were willful, and demonstrated unreasonable conduct in requesting plaintiff to go do and went back inside the residence.

31. Plaintiff spoke with the suspect and the suspect agreed to follow him outside and surrender.

32. As plaintiff and the suspect were exiting the front door, defendant, Police Officer Patrick Walsh grabbed the plaintiff and tackled him across the railing between plaintiff's residence and his neighbor's residence despite the peaceful surrender causing serious and painful injuries to the plaintiff.

33. Two United States Marshalls were able to take the suspect into custody with the assistance of the Plaintiff and without incident.

34 Following being tackled across the railing and being injured, defendant, Police Officer Patrick Walsh violently placed the plaintiff in handcuffs and placed him into a police vehicle.

35. Video footage clearly shows the assault on the Plaintiff by Defendant, Police Officer Patrick

Walsh when Plaintiff was following the officer's orders and had committed no criminal offense.

36. Video footage clearly shows that the plaintiff was following the instructions of the two United Staes Marshalls and that the plaintiff in no way was hindering the apprehension of the suspect.

37. Defendant, Police Officer Patrick Walsh knew that the plaintiff was not harboring a fugitive and was only attempting to assist the police as instructed by defendant, Police Officer Patrick Walsh.

38. Plaintiff while handcuffed was placed in back of a police wagon and driven around the neighborhood unbelted and thrown about the wagon.

39. Plaintiff was eventually returned to the front of the residence, where defendant, Police Officer Patrick Walsh informed him that he was doing him a favor by not charging him with any crimes.

40. Plaintiff was not offered any medical assistance or transport to a hospital.

41. Defendant Police Department Officers Patrick Walsh and Police Officer Michael F. Bowser refused to provide Plaintiff with any explanation for their unlawful detention of plaintiff and why he was physically assaulted.

42. The officers responsible for this unlawful conduct are named in this Complaint as Defendants Police Officer Patrick Walsh and Police Officer Michael F. Bowser and are believed to have been working under the direction and supervision of defendant Police Officer Timothy Robin Bloss, the assigned police officer.

43. On information and belief, Defendants Police Officer Patrick Walsh and Police Officer Michael F. Bowser and Police Officer Timothy Robin Bloss acted with either deliberate indifference and/or reckless disregard toward Plaintiff's rights, targeting him for un-routine

training without probable cause or any reasonable factual basis to support that Plaintiff had committed any crime or wrong.

44. On information and belief, defendants, Police Officer Patrick Walsh and Police Officer Michael F. Bowser and Police Officer Timothy Robin Bloss participated in unlawful threats and abuse of authority against Plaintiff under color of law.

**FIRST CLAIM FOR RELIEF: UNCONSTITUTIONAL SEARCH AND SEIZURE – FOURTH AMENDMENT TO THE U.S. CONSTITUTION, §1983**

**PLAINTIFF V. POLICE OFFICER PATRICK WALSH, POLICE OFFICER MICHAEL F. BOWSER AND POLICE OFFICER TIMOTHY ROBIN BLOSS**

45. The detention, arrest, unnecessary and extended restraint of the Plaintiff by the Defendants Police Officer Patrick Walsh, Police Officer Michael F. Bowser and Police Officer Timothy Robin Bloss, as described in paragraphs 1-44, constituted a willful, unreasonable search and seizure in violation of clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution.

**SECOND CLAIM FOR RELIEF: EXCESSIVE USE OF FORCE – FOURTH AMENDMENT TO THE U.S. CONSTITUTION AND § 1983**

**PLAINTIFF V. POLICE OFFICER PATRICK WALSH, POLICE OFFICER MICHAEL F. BOWSER AND POLICE OFFICER TIMOTHY ROBIN BLOSS**

46. The willful detention, arrest, unnecessary and extended restraint, and incarceration of the Plaintiff by Defendants Police Officer Patrick Walsh, Police Officer Michael F. Bowser and Police Officer Timothy Robin Bloss, as described in paragraphs 1-44, constituted an excessive use of force in violation of clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution.

**THIRD CLAIM FOR RELIEF: FALSE ARREST- FOURTH AMENDMENT TO THE U.S. CONSTITUTION AND § 1983**

**PLAINTIFF V. POLICE OFFICER PATRICK WALSH, POLICE OFFICER MICHAEL F. BOWSER AND POLICE OFFICER TIMOTHY ROBIN BLOSS**

47. Plaintiff's detention and arrest without probable cause or any other lawful grounds, as described in paragraphs 1-44, constitute the tort of false arrest under the laws of the Commonwealth of Pennsylvania.

**FOURTH CAUSE OF ACTION: SUPERVISORIAL RESPONSIBILITY FOR VIOLATIONS OF PLAINTIFF'S CIVIL RIGHTS**

**PLAINTIFF V. SWATARA TOWNSHIP**

48. This cause of action is brought pursuant to 42 U.S.C.A. § 1983 for violations of Plaintiff's rights under the Fourth and Fourteenth Amendments of the U.S. Constitution.

49. Defendant, Swatara Township failed to adequately train, supervise, discipline or in any other way control the Defendant Police Officers in the exercise of their duties as officers, sergeants, commanders, lieutenants, and/or supervisors.

50. Defendant, Swatara Township is directly liable and responsible for the actions of Defendant Police Officers because they repeatedly, knowingly and negligently failed to enforce the law of the Commonwealth of Pennsylvania and the regulations of Defendant. Swatara Township, thus creating within the Police Department an atmosphere of lawlessness in which Officers engaged in the violation of civil rights, as fully set forth in the factual allegations in this Complaint.

51. Defendant, Swatara Township or in the exercise of reasonable care should have known, of such unlawful acts and practices prior to and at the time of Plaintiff's injuries.

52. Defendant, Swatara Township was also negligent in failing to provide Defendant police officers the proper and adequate training necessary to carry out their duties with due care so that these Defendant Police Officers could foreseeably be expected to perform in the course of his employment with Defendant, Swatara Township.

53. Defendant Police Officers received inadequate training in the proper methods of searching, detaining, and/or arresting individuals.

54. As a direct and proximate result of this failure to provide such training, Plaintiff suffered injuries and damages in an amount to be proved in the trial of this case.

55. Defendant, Swatara Township has a duty to exercise due care in the hiring, selection, training, supervising, oversight, direction, investigation, rewarding, discipline and control of its officers, employees and agents.

56. Defendant, Swatara Township breached that duty intentionally, purposely, knowingly, recklessly, with deliberate indifference, with gross negligence, and/or negligently and without regard to human safety, security, fundamental rights of fairness, and those rights guaranteed by the Commonwealth of Pennsylvania Constitution and the Constitution of the United States of America and its corresponding Amendments.

57. Defendant, Swatara Township knew, or should have known, and had actual, implied or constructive notice of the tortious misfeasance and nonfeasance leading up to the acts and omissions of its Defendant Police Officers and employees and had the power to take reasonable steps to prevent or aid in the prevention of such tortuous actions or omissions. In the exercise of due diligence, Defendant, Swatara Township could have taken reasonable preventative action.

58. As a direct and proximate result of that breach of duty, Plaintiff was caused to suffer physical injury, pain and suffering, fear, intimidation, severe mental anguish, and emotional distress, and

was deprived of rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

59. Plaintiff has incurred damages for which Defendant, Swatara Township is liable due to the breach of duty described above and each respective violation of 42 U.S.C.A. § 1983.

60. Defendant, Swatara Township through its custom and practice of encouraging, condoning, tolerating and ratifying constitutional violations by their subordinate officers, including Defendant Police officers, was deliberately indifferent to the constitutional violations being committed by these subordinates Defendants.

61. Defendant, Swatara Township actions were willful, wanton, malicious and oppressive, thus justifying the awarding of exemplary and punitive damages as to these individual defendants.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that the Court enter a judgment including:

(a) Compensatory damages in an amount to be determined at trial; including but not limited to the following:

- Humiliation;
- Damage to reputation;
- Medical bills from any physical harm that was done during the arrest;
- Payment for future physical or emotional treatment you'll need in the future; and
- Pain and suffering;

(b) Punitive damages in an amount to be determined at trial as to all Defendants;

(c) Reasonable attorneys' fees and costs of suit;

(d) Prejudgment interest; and

(e) Such other relief as the Court deems appropriate and just.

Respectfully submitted,

Dated: May 19, 2026

/s/ Michael I. McDermott
Michael I. McDermott, Esquire
Attorney's ID 52917
The Widener Building
1339 Chestnut Street, Ste. 500
Philadelphia, PA 19107
Tel.: 267-283-0084
Email: mmcder1188@aol.com
Attorney for Plaintiff,
Eric Ibraheem

VERIFICATION

I hereby state that the statement made in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that this statement is made subject to the penalty of 18 P A C. S. Sec. 4904 relating to unsworn falsifications to authorities.

5/19/2026
DATE