SHERR LAW GROUP, LLP
BY: Anthony Sherr, Esquire
Identification No. 44603
101 W. Airy Street, Ste. 100
Norristown, PA 19401
484-591-3000

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Eric Ibraheem | | : |
| | Plaintiff | : Docket No.: 1:26-CV-01387-KMN |
| v. | | : |
| | | : Honorable Keli M. Neary |
| Swatara Township et al | | : |
| | Defendants | : |

## SWATARA TOWNSHIP, PATRICK WALSH AND TIMOTHY ROBIN BLOSS' ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

NOW COMES Defendants Swatara Township, Patrick Walsh and Timothy Robin Bloss (hereinafter collectively referred to as "answering defendants") by and through their authorized counsel of record, Sherr Law Group, LLP and in response to Plaintiff, Eric Ibraheem's Complaint deny any and all liability and more specifically state:

1. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent the allegations are deemed to be other than conclusions of law, they are admitted.

2. Denied. The allegations in this paragraph constitutes a conclusion of law to which no response is required. To the extent that the allegations are deemed to be other than conclusions of law, the arrest which forms the basis of this lawsuit occurred at the vicinity of 3326 Derry Street, Harrisburg, PA 17111.

3. Denied the allegations in this paragraph constitute conclusions of law to which no response is required and on that basis they are denied. To the extent the allegations are deemed to be other than

conclusions of law it is denied that any act or omission of answering defendants in any way caused a deprivation of any federally protected rights.

4. Denied in part and admitted in part. It is specifically denied that plaintiff was assaulted, to the contrary only that amount of force which was reasonably necessary was utilized in the lawful arrest of plaintiff. It is admitted that plaintiff was arrested, however, it is believed that the address at the vicinity of plaintiff's arrest was as stated in answer to paragraph number 2.

5. Denied. To the contrary probable cause existed to detain Ibraheem.

6. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and on that basis they are denied. To the extent that the allegations are deemed to be other than conclusions of law they are denied on the basis that no policy practice or custom of Swatara Township led to a deprivation of any federally protected right.

7. Admitted in part. It is admitted that Ibraheem is an adult. The remaining allegations are denied because after reasonable investigation answering defendants are without sufficient information to form a belief as to the allegations and therefore they are denied.

8. Denied because after reasonable investigation answering defendants are without sufficient information to form a belief as to the allegations and therefore they are denied.

9. Denied as stated. It is admitted that Swatara Township is a township in Dauphin County, Pennsylvania. However, the Swatara Township Police Department is an agency of the township.

10. Denied in that "at all times mentioned" is not sufficiently defined to allow a response to be formulated to the allegations.

11. Denied insofar as "at all relevant times" is not defined. By way of further response Walsh is employed by Swatara Township as a police officer.

12. Denied insofar as "at all relevant times" is not defined. By way of further response Bowser is employed by Swatara Township as a police officer.

13. Denied insofar as "at all relevant times" is not defined. By way of further response Bloss is employed by Swatara Township as a police officer.

14. Denied the allegations in this paragraph constitute conclusions of law to which no response is required and on that basis they are denied.

15. Denied the allegations in this paragraph constitute conclusions of law to which no response is required and on that basis they are denied.

16. Denied the allegations in this paragraph constitute conclusions of law to which no response is required and on that basis they are denied.

17. Denied the allegations in this paragraph constitute conclusions of law to which no response is required and on that basis they are denied.

18. Denied as stated. It is admitted only that Bloss and Walsh are employees of Swatara Township. The remaining allegations don't pertain to answering defendants.

19. Denied the allegations in this paragraph constitute conclusions of law to which no response is required and on that basis they are denied.

20. Denied the allegations in this paragraph constitute conclusions of law to which no response is required and on that basis they are denied.

21. Denied as stated. It is admitted that both Bloss and Walsh were monitoring actions by the U.S. Marshalls in apprehending a person with outstanding arrest warrants. It is believed and therefore averred that the incident took place in the vicinity of 3326 Derry Street, Harrisburg, PA 17111.

22. It is admitted that Ibraheem was observed obstructing the access of U.S. Marshalls from gaining access to 3326 Derry Street.

23. Denied. After reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth of the allegations in this paragraph.

24. Denied. After reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth of the allegations in this paragraph.

25. Denied. After reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth of the allegations in this paragraph.

26. Denied. After reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth of the allegations in this paragraph.

27. Denied. After reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth of the allegations in this paragraph.

28. Denied. To the contrary Ibraheem was observed blocking access to the residence, and thus hindering the apprehension of an individual with outstanding arrest warrants, Walsh acted to allow the Marshalls to gain access for the purpose of apprehending the individual.

29. Denied. See answer to paragraph number 28.

30. Denied. The allegations in this paragraph do not make sense, and therefore an answer can't be formulated. By way of further response, Walsh did not direct Ibraheem to do anything except to stop hindering a lawful arrest.

31. Denied. After reasonable investigation Answering Defendants are without sufficient information to form a belief as to the truth of the allegations in this paragraph.

32. Denied. To the contrary, Ibraheem was hindering the apprehension of an individual with outstanding arrest warrants. Walsh, after moving Ibraheem out of the way, attempted to arrest Ibraheem, who resisted a lawful arrest. As to injuries claimed, after reasonable investigation, answering defendants are without sufficient information to form a belief as to the allegations and on that basis they are denied.

33. Denied as stated. It is admitted that the Marshalls arrested the individual with outstanding warrants. The remainder of the allegations in this paragraph are denied, in that Ibraheem hindered the apprehension of the individual.

34. Denied. Only that amount of force which was reasonably necessary was used. By way of further response, it is believed that Ibraheem was placed in a Sheriff's vehicle after he was detained.

35. Denied as stated. Ibraheem hindered an apprehension, and resisted a lawful detention.

36. Denied. See answer to paragraph number 35.

37. Denied. See answer to paragraph number 35.

38. Denied. Ibraheem was placed in a Sheriff's Officer vehicle. Based upon information and belief, an employee of the County inadvertently began to drive the vehicle to bring Ibraheem to the County prison. As soon as the mistake was discovered, action was taken to have the vehicle returned to the scene.

39. Admitted that Ibraheem was returned, and Walsh and others used their discretion to not file criminal charges against Ibraheem.

40. Denied. After reasonable investigation answering defendants are without sufficient information to form a belief as to the allegations, and on that basis they are denied.

41. Denied. To the contrary, Ibraheem was aware he attempted to hinder the apprehension of a person with outstanding warrants. Moreover only that amount of force which was reasonably necessary was used during the lawful arrest of Ibraheem.

42. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and on that basis they are denied.

43. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and on that basis they are denied. By way of further response, Ibraheem hindered a lawful apprehension.

44. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and on that basis they are denied.

**Count 1 – UNCONSTITUTIONAL SEARCH AND SEIZURE**

45. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and on that basis they are denied.

**Count 2 – EXCESSIVE USE OF FORCE**

46. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and on that basis they are denied.

**Count 3 – FALSE ARREST**

47. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and on that basis they are denied.

**Count 4 – SUPERVISORIAL RESPONSIBILITY**

48. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and on that basis they are denied.

49. Denied. To the contrary the officers were properly trained and supervised.

50. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and on that basis they are denied. By way of further response, there is no respondeat superior in an action brought pursuant to 42 U.S.C. § 1983.

51. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and on that basis they are denied. By way of further response the allegations in this paragraph don’t make sense and therefore a response is unable to be formulated.

52. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and on that basis they are denied. By way of further response the police officer were properly trained.

53. Denied. See answer to paragraph 52.

54. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and on that basis they are denied. To the extent that the allegations are deemed to be other than conclusions of law, they are denied on the basis that after reasonable investigation, answering defendants are without sufficient information to form a belief as to the allegations.

55. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and on that basis they are denied.

56. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and on that basis they are denied.

57. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and on that basis they are denied. To the extent the allegations are deemed to be other than conclusions of law, it is denied that there was any tortious misfeasance and nonfeasance.

58. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and on that basis they are denied.

59. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and on that basis they are denied. To the extent that the allegations are deemed to be other than conclusions of law, after reasonable investigation answering defendant is without sufficient information to form a belief as to the allegations, and on that basis they are denied.

60. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required and on that basis they are denied. To the extent that the allegations are deemed to be other than conclusions of law it is specifically denied

61. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required, and on that basis they are denied.

WHEREFORE, Swatara Township, Patrick Walsh and Timothy Robin Bloss respectfully demand judgment in their favor and against plaintiff, including but not limited to reasonable attorney's fees incurred in defending this baseless action, plus such other relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

62. Defendants incorporate herein by reference its answers to paragraphs numbers 1 – 61 as if more fully set forth herein.

**FIRST AFFIRMATIVE DEFENSE**

63. Plaintiff fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

64. Defendants acted in a good faith belief that their actions were

65. constitutional and such belief was reasonable under the circumstances.

**THIRD AFFIRMATIVE DEFENSE**

66. Patrick Walsh and Timothy Robin Bloss are entitled to qualified immunity for any and all claims asserted in Plaintiff's Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

67. Defendants assert any and all defenses available to them under 42 U.S.C. §1983.

**FIFTH AFFIRMATIVE DEFENSE**

68. Defendants did not act intentionally maliciously, in a conscious shocking manner, and were not deliberately indifferent with respect to any and all actions and/or omissions alleged in Plaintiff's Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

69. Plaintiff was afforded all of the rights, privileges and immunities granted to him pursuant to the Constitutional and laws of the United States and the Commonwealth of Pennsylvania.

**SEVENTH AFFIRMATIVE DEFENSE**

70. Swatara Township did not adopt, maintain, or promulgate, whether formally or informally, any unconstitutional policy, practice, or custom that caused a deprivation of any federally protected rights.

**EIGHTH AFFIRMATIVE DEFENSE**

71. There was no final policymaker approved of, or acquiesced in, any alleged unconstitutional policy, practice, or custom.

**NINTH AFFIRMATIVE DEFENSE**

72. At all times material hereto, Defendants maintained reasonable and appropriate policies that protected Plaintiff's constitutional rights.

**TENTH AFFIRMATIVE DEFENSE**

73. Any award of punitive damages, under the facts, circumstances and statutes involved would be unconstitutional, improper and unlawful under the United States Constitution.

**TWELVETH AFFIRMATIVE DEFENSE**

74. Defendants cannot be held liable to Plaintiff for punitive damages because they at no time acted maliciously, fraudulently or with intent to harm Plaintiffs or deprive him of his constitutional rights.

**THIRTEENTH AFFIRMATIVE DEFENSE**

75. Plaintiffs are not entitled to an award of costs and/or attorney fees.

**FOURTEENTH AFFIRMATIVE DEFENSE**

76. Plaintiff assumed the risk of harm.

**FIFTEENTH AFFIRMATIVE DEFENSE**

77. Plaintiff's claims are barred in whole or in part by Pennsylvania's comparative negligence statute, 42 Pa.C.S. § 7102.

**SIXTEENTH AFFIRMATIVE DEFENSE**

78. Negligence or careless conduct on the part of a state actor is insufficient to maintain a cause of action pursuant to 42 U.S.C. §1983.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

79. Plaintiffs state law claims are barred and or limited by the provisions of the Pennsylvania Governmental Immunity Statute, 42 Pa.C.S. § 8501, et. seq., the provisions of which are incorporated herein by reference.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

80. Defendants are entitled to Absolute Immunity from suit.

WHEREFORE, Swatara Township, Patrick Walsh and Timothy Robin Bloss respectfully demand judgment in their favor and against plaintiff, including but not limited to reasonable attorney's fees incurred in defending this baseless action, plus such other relief as this Court deems just and proper.

Sherr Law Group LLP

By: ____________________
Anthony Sherr, Esquire

**VERIFICATION**

I, Anthony Sherr, Esquire, hereby state that I am counsel for Swatara Township, Patrick Walsh and Timothy Robin Bloss in this action and verify that the statements made in the foregoing Answer to Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. §4094 relating to unsworn falsification to authorities.

BY: ______________________________
Anthony Sherr, Esquire